Nott, J.,
delivered the opinion of the court:
(1) As is appears that the administrator, John Stewart, represents the descendants and next of kin of David Stewart, David C. Stewart, and John Stewart, the original claimants; and that he prosecutes this claim with their knowledge and at their request, the technical error of taking out letters of administration upon the estate of William P. Stewart, a subsequent member of the firm'of David Stewart & Sons, who was also a son of David Stewart, will not preclude the court from rendering a decision upon the merits and reporting the case to Congress.
(2) The seizure and condemnation were illegal, and the owners and insurers had valid claims of indemnity therefor upon the French Government prior to the ratification of the convention between the United States and the French Republic, concluded on the 30th day of September, 1800; these claims were relinquished to France by the Government of the United States by treaty in consideration of the relinquishment of certain national claims of France against the United States; and the claimants, accordingly, are entitled to the following sums from the United States :
John Stewart, administrator de bonis non estate of William P. Stewart, surviving partner of firm of David Stewart & Sons, $4,980.20;
David Stewart and John E. Semmes, receivers of the Maryland Insurance Company, $12,000;
Amounting in all to $16,980.20.